UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SWISS REINSURANCE AMERICA
CORPORATION,

                           Petitioner,

    v.

GO RE, INC.,

                           Respondent.

No. 24-CV-518 (KMK)

OPINION & ORDER

Appearances:

Alex Walsdorf, Esq.
Steven Carl Schwartz, Esq.
Chaffetz Lindsey LLP
New York, NY
*Counsel for Plaintiff*

KENNETH M. KARAS, United States District Judge:

      Petitioner, Swiss Reinsurance America Corporation ("Swiss Re"), brings this Action, pursuant to 9 U.S.C. § 9, to confirm a Final Interim Award arising out of an arbitration between the Parties. (Pet. to Confirm Final Award ("Pet.") (Dkt. No. 1).) Although Swiss Re moved for an entry of default judgment, (*see* Dkt. Nos. 25–32), the Court treats the Petition as an unopposed motion for summary judgment, which it grants based on the underlying arbitration record.

I. Background

A. Factual Background

      Petitioner Swiss Re is a New York Corporation with its principal place of business in New York. (Decl. of Stanley V. Figura, Esq., in Supp. of Mot. ("Figura Decl.") ¶ 3 (Dkt.

No. 8).) Respondent Go Re is a Hawaii Corporation with its principal place of business in Hawaii. (*Id.* at ¶ 4.)

The instant dispute arises out of a series of insurance and reinsurance agreements between the Parties. At the center is a company called Go Maps, Inc. ("Go Maps"), which created an app to sell, service, and manage auto insurance policies throughout the United States. (Pet. ¶ 7.) The policies it sold were issued by Topa Insurance Company ("Topa"). (*Id.* ¶ 8.) Swiss Re agreed to reinsure those policies pursuant to a 100% quota share reinsurance contract. (*Id.* ¶ 9.) Go Re, a company affiliated with Go Maps' founder, then reinsured Swiss Re with respect to those same policies. (*Id.* ¶ 10.) Importantly, Swiss Re and Go Re signed a Retrocession Agreement whereby Go Re agreed to indemnify Swiss Re for 40% of any program losses. (*Id.*; *see also* Figura Decl., Ex. A ("Retrocession Agreement") at 1.) The Retrocession Agreement also contained an arbitration clause, providing that any disputes arising out of the agreement would be heard by a panel of three arbitrators. (*Id.* at 23–24.)

Thereafter, Go Maps experienced significant losses, which required Swiss Re to pay millions of dollars to Topa pursuant to its reinsurance agreement. (Pet. ¶ 13.) In turn, Swiss Re asked Go Re to indemnify the former for its paid losses, but Go Re refused. (*Id.*) Accordingly, Swiss Re initiated an arbitration against Go Re on September 8, 2022. (*Id.* ¶ 15.) The Parties agreed on a panel of arbitrators (the "Arbitrators" or the "Panel"), and on March 27, 2023, Swiss Re moved for an interim award. (*Id.* ¶ 19.) After some back and forth, the Panel twice ordered Go Re to post letters of credit. (*Id.* ¶¶ 23, 26.) Go Re did not comply with either of those orders, and on January 8, 2024, the panel issued a Final Interim Award of $11,326,463.00. (*Id.* ¶ 30; Figura Decl., Ex. 2 ("Final Interim Award") at 1.) It concluded that Go Re was obligated to pay

2

Swiss Re that amount based on the terms of the Retrocession Agreement and Swiss Re's losses as of September 30, 2023.  (*Id.* ¶ 9.)

B.  Procedural History

Swiss Re filed their Petition on January 24, 2024.  (*See* Pet.; Mem. of Law in Supp. ("Pet's Mem.") (Dkt. No. 4); Figura Decl.)  Petitioner filed a proposed default judgment on March 18, 2024.  (*See* Dkt. No. 26.)  On April 18, 2024, Petitioner filed a letter to the Court asking the Court to schedule a default hearing, (*see* Dkt. No. 33), which the Court memo endorsed explaining that a default judgement would be inappropriate and that the proper course was to treat the unanswered Petition as an unopposed motion for summary judgment.  (*See* Memo Endorsement (Dkt No. 34).)

II.  Discussion

A.  Standard of Review

Petitioner moved for default judgment on account of Go Re's failure to oppose or otherwise respond to the Petition.  (*See* Dkt. Nos. 25–26.)  The Second Circuit has held, however, that default judgments "are generally inappropriate" in proceedings to confirm an arbitration award.  *Loc. 363 United Elec. Workers of Am., Int'l Union of Journeyman & Allied Trades v. Culver Elec., LLC*, No. 21-CV-5962, 2022 WL 17820125, at *3 (E.D.N.Y. Aug. 3, 2022) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006)).  Instead, because "[a] motion to confirm or vacate an award is generally accompanied by a record . . . the judgment the [C]ourt enters should be based on the record" and "treated as akin to a motion for summary judgment based on the movant's submission." *D.H. Blair*, 462 F.3d at 109; *see also Finkel v. Lintech Elec., Inc.*, No. 18-CV-6865, 2021 WL 25354, at *3 (E.D.N.Y. Jan. 4, 2021)

3

(same); *Trustees of the New York City Dist. Council of Carpenters Pension Fund, et al. v. Ferran Dev. Corp.*, No. 13-CV-1482, 2013 WL 2350484, at *2 (S.D.N.Y. May 30, 2013) (same).[1]

Summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir. 2014) (same) (quoting Fed. R. Civ. P. 56(a)). "In deciding whether to award summary judgment, the court must construe the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Torcivia v. Suffolk County*, 17 F.4th 342, 354 (2d Cir. 2021); *see also Horror Inc. v. Miller*, 15 F.4th 232, 240 (2d Cir. 2021) (same). "It is the movant's burden to show that no genuine factual dispute exists." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *see also Red Pocket, Inc. v. Interactive Commc'ns Int'l, Inc.*, No. 17-CV-5670, 2020 WL 838279, at *4 (S.D.N.Y. Feb. 20, 2020) (same). Even where a motion for summary judgment goes unopposed, the Court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If it has not, summary judgment is inappropriate, for 'no defense to an insufficient showing is required.'" *Amaker v.*

---

[1] Some courts have found that default judgment is nevertheless appropriate where "the defendant failed to contest the claims at the arbitration hearing itself." *Loc. 363 United Elec.*, 2022 WL 17820125, at *3; *see also Laundry, Dry Cleaning Workers & Allied Indus. Health Fund, Unite HereA v. Jung Sun Laundry Grp. Corp.*, No. 08-CV-2771, 2009 WL 704723, at *3 (E.D.N.Y. Mar. 16, 2009) (explaining that where the defaulting party did not contest claims in arbitration, "the distinction between moving for default judgment and moving for summary judgment is somewhat academic"); *Trustees of UNITE HERE Nat. Health Fund v. New Age Intimates, Inc.*, No. 07-CV-2892, 2008 WL 3833841, at *4 (E.D.N.Y. Aug. 14, 2008) (adopting report and recommendation) (same). Here, however, Respondent both appeared in the Arbitration and opposed at least a portion of Petitioner's arbitration claims. (*See* Pet. ¶¶ 20, 22, 29 (referencing Respondent's opposition papers).)

4

*Foley*, 274 F.3d 677, 681 (2d Cir. 2001) (alteration adopted) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970)).

Although the Court treats the Petition as an unopposed motion for summary judgment, confirmation of an arbitration award is often "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110; *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) (explaining that arbitration awards are entitled to great deference by the courts). The Second Circuit has recognized that "an extremely deferential standard of review" is appropriate for arbitral awards in order "[t]o encourage and support the use of arbitration by consenting parties." *Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007); *see also A&A Maint. Enter., Inc. v. Ramnarain*, 982 F.3d 864, 868 (2d Cir. 2020) ("A federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential—indeed, among the most deferential in the law." (quotation marks omitted)); *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) ("[A]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."). The Court is "not authorized to review the arbitrator's decision on the merits"; after all, the Parties bargained for the arbitrator's determination of the merits. *See NFL Mgmt. Council v. NFL Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37–38 (1987)).

"The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."

5

*D.H. Blair*, 462 F.3d at 110 (internal quotation marks omitted).  The Court's role is "simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) ("It is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960))).

Accordingly, "[o]nly 'a barely colorable justification for the outcome reached' by the arbitrator is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).  "A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *Id.*  Given this level deference, an arbitral award will normally be vacated "only upon finding a violation of one of the four statutory bases [enumerated in the FAA], or, more rarely, if [the Court] find[s] [that] a panel has acted in manifest disregard of the law." *Porzig*, 497 F.3d at 139.  The FAA allows for vacatur:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrator, or either of them; (3) where the arbitrator [was] guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrator exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); *O'Connor-Roche v. RBC Cap. Markets, LLC*, No. 22-CV-1467, 2022 WL 17798116, at *3 (S.D.N.Y. Dec. 19, 2022) (same); *see also Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021) ("We have held that 'as judicial gloss on the specific

6

grounds for vacatur of arbitration awards' in the FAA, an arbitrator's 'manifest disregard' of the law or of the terms of the arbitration agreement 'remains a valid ground for vacating arbitration awards.'" (alteration adopted) (quoting *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451–52 (2d Cir. 2011))).

B.  Analysis

Petitioner seeks to confirm the Final Interim Award because (1) it flows from Go Re's contractual obligations under the Retrocession Agreement and (2) Go Re has thus far failed to comply with the Award.  (*See generally* Pet's Mem.)  For support it has attached the Retrocession Agreement and a copy of the Final Interim Award, along with a memorandum of law, which constitute records sufficient to "deem Petitioner's application as an unopposed motion for summary judgment."  *See Finkel*, 2021 WL 25354, at *4.  Respondent has not contested Petitioner's recitation of the facts, put forward any defense, or otherwise appeared in this Action.  (*See generally* Dkt.)  The Court therefore concludes that no material dispute of fact remains and that judgment as a matter of law is appropriate.

Moreover, the Arbitrators presented, at the very least, "a barely colorable justification" for the Award.  *See D.H. Blair & Co.*, 462 F.3d at 110.  The panel assessed the Parties' arguments and supporting exhibits and reasonably concluded that Petitioner was owed the Final Interim Award pursuant to the terms of the Retrocession Agreement.  (*See generally* Final Interim Award; *id.* ¶ 9.)  In so doing, the Arbitrators considered only matters within the scope of their authority and did not "reach issues clearly prohibited by law or by the terms of the [P]arties' agreement."  *See Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011).  And the "categories of damages awarded by the [A]rbitrator[s] correspond generally to those contemplated in the [Retrocession Agreement]," namely, losses suffered by Go Map that were reinsured by Swiss Re.  *See Trustees of NYC Dist. Council of Carpenters Pension Fund, Welfare*

7

*Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Bilt NYG, Inc.*, No. 20-CV-3846, 2020 WL 7211184, at *3 (S.D.N.Y. Nov. 19, 2020), *report and recommendation adopted*, 2020 WL 7183549 (S.D.N.Y. Dec. 7, 2020).

### III.  Conclusion

For those reasons and having found no other ground for vacating the award, the Court grants the Petition to confirm the arbitration award in the amount of $11,326,463.00.  *See Langford v. Beck,* No. 20-CV-4980, 2020 WL 6292637, at *2 (S.D.N.Y. Oct. 27, 2020) (confirming award where there was "no genuine dispute as to any material fact" based on the material submitted (quoting Fed. R. Civ. P. 56(a))).  The Clerk of Court is respectfully directed to enter judgment in favor of Petitioner in the above amount and to close this case.

SO ORDERED.

Dated:   September 3, 2024
         White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　　KENNETH M. KARAS
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

8